UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIN ROBINETT,

        Plaintiff,

    v.                                          Civil No. 08-664-HA

                                              AMENDED OPINION AND ORDER

MICHAEL J. ASTRUE,
Comissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

        This Amended Opinion and Order issues to correct a typographical error. The analysis and conclusions of the original Opinion and Order remain unchanged. Plaintiff Erin Robinett seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her application for Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is reversed and remanded for an award of benefits.

1- AMENDED OPINION AND ORDER

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). Additionally, for the purposes of DIB, a plaintiff has the burden of proving disability prior to the termination of his or her insured status. *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

2- AMENDED OPINION AND ORDER

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

3- AMENDED OPINION AND ORDER

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett*, 180 F.3d at 1097; *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, so long as one of the interpretations supports the decision of the Administrative Law Judge (ALJ). *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

4- AMENDED OPINION AND ORDER

**FACTS**

The relevant facts, which are drawn from the administrative record and the ALJ's decision, are summarized here. Plaintiff was forty-five years old at the alleged disability onset date and forty-six years old on her date last insured. Plaintiff has a high school education and attended two years of college. Plaintiff has past relevant work experience as a receptionist, and a shipping and receiving clerk.

Plaintiff protectively filed her application for benefits on December 27, 2004, alleging disability beginning June 30, 2002. Plaintiff alleges disability stemming from physical and mental impairments including degenerative disc disease, arteriosclerosis, bipolar disorder, and depression. Plaintiff's application was denied initially and upon reconsideration. The ALJ conducted a hearing on November 1, 2007, at which she heard testimony from plaintiff, who was represented by counsel, a medical expert, a vocational expert (VE), and plaintiff's sister.

On December 28, 2007, the ALJ issued a decision finding plaintiff not disabled as defined in the Social Security Act (Act). The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

**SUMMARY OF ALJ'S FINDINGS**

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 16, Finding 2.[1]

At step two, the ALJ found that plaintiff had the following medically determinable severe impairments: "alcoholism and drug abuse; a depressive disorder; lumbar degenerative disc

---

[1] Tr. refers to the Transcript of the Administrative Record.

5- AMENDED OPINION AND ORDER

disease; and a history of generalized arteriosclerosis with symptomatic respective occlusion, left subclavian artery." Tr. 16, Finding 3.

At step three, the ALJ found that through the date last insured, plaintiff did not have an impairment, or combination of impairments, that met or equaled the requirements of any listed impairment. Tr. 17, Finding 4.

The ALJ determined that plaintiff has the RFC to "perform the exertional demands of light work involving lifting 20 pounds occasionally and 10 pounds frequently; she can stand and walk 4 of 8 hours; sit 8 of 8 hours; needs an option to sit or stand; can occasionally climb, bend, stoop . . .cannot do over shoulder use of left non-dominant arm . . . can do simple and non-complex tasks." Tr. 17, Finding 5.

At step four, the ALJ found that plaintiff was incapable of performing her past relevant work. Tr. 26, Finding 6.

At step five, after consulting with a VE, the ALJ found that there were jobs that existed in significant numbers in the national economy that plaintiff could have performed.

## DISCUSSION

Plaintiff contends that this court should reverse and remand the Commissioner's final decision for an award of benefits, or for further proceedings, due to a number of alleged errors including: (1) improperly rejecting lay testimony; (2) improperly rejecting the opinions of medical experts; and (3) improperly rejecting plaintiff's subjective symptom testimony.

**1.   Lay Testimony**

Plaintiff asserts that the ALJ erred in failing to credit the testimony of lay witnesses Ken Erck and plaintiff's sister, Margaret Boviril-Johnson. Ken Erck submitted written testimony in which he stated that plaintiff has difficulty dressing and bathing herself, that "any physical

6- AMENDED OPINION AND ORDER

activities are painful," and that plaintiff "is incapable of many of the simplest things." Tr. 88, 92, 94.

Plaintiff's sister testified that plaintiff had difficulty doing such simple tasks as folding laundry, climbing stairs, and standing long enough to cook a meal. Tr. 582. She also testified that plaintiff did not use a computer, did not drive much, had difficulty concentrating, and that plaintiff would call in the middle of the night crying. Tr. 582-84.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id.* at 512.

When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006).

If lay testimony is controverted by the medical evidence presented, the ALJ does not err by ignoring the lay testimony. *Timmons v. Comm'r of Soc. Sec.*, 546 F. Supp. 2d 778, 795-96 (E. D. Cal. 2008) (citing *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). If the lay testimony is consistent with the medical evidence, then the ALJ must consider it and comment upon it. *Id.*, citing *Stout, 454 F.3d at 1053*. Moreover, in cases in which plaintiff alleges impairments, "such as chronic fatigue or pain (which by their very nature do not always produce clinical medical evidence), it is impossible for the court to conclude that lay witness evidence concerning the plaintiff's abilities is necessarily controverted such that it may

7- AMENDED OPINION AND ORDER

be properly ignored," and the ALJ is required in such cases to consider lay witness evidence. *Timmons*, 546 F. Supp. 2d at 796.

Here, the ALJ failed to properly consider the lay testimony presented. The ALJ briefly summarized selected portions of plaintiff's sister's testimony, but did not provide reasons for rejecting or accepting that testimony. The ALJ failed completely to mention Ken Erck's testimony.

The government contends that the ALJ did not reject the testimony of either witness and did not need to because their testimony was fully compatible with the ALJ's RFC finding. This argument lacks merit and is clearly contradicted by the record. A person who has difficulty folding laundry, dressing oneself, and for whom physical activities are painful, is incapable of frequently lifting ten pounds or of standing and walking for four out of eight hours.

A remand for further proceedings is unnecessary if the record is fully developed, and it is clear from the record that the ALJ would be required to award benefits. *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). The decision whether to remand for further proceedings turns upon the likely utility of such proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).

Here, the record is fully developed and additional proceedings are unnecessary. "When the lay evidence that the ALJ rejected is given the effect required by the federal regulations, it becomes clear that the severity of [plaintiff's] functional limitations is sufficient" to demonstrate that plaintiff was disabled during the relevant time period within the meaning of the Act. *Schneider v. Comm'r Social Sec. Admin.*, 223 F.3d 968, 976 (9th Cir. 2000); *citing Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Accordingly, the decision of the Commissioner is reversed and remanded for an award of benefits. An analysis of plaintiff's other arguments is

8- AMENDED OPINION AND ORDER

unnecessary. However, the court notes that plaintiff's arguments with respect to the ALJ's rejection of medical source opinions are also meritorious, and present independent grounds for an award of benefits.

## **CONCLUSION**

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner must be REVERSED and REMANDED FOR AN AWARD OF BENEFITS consistent with this Order and the parameters provided herein.

IT IS SO ORDERED.

DATED this 21st day of September, 2009.

    _/s/Ancer L. Haggerty  
    Ancer L. Haggerty  
    United States District Court

9- AMENDED OPINION AND ORDER