UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ERIN ROBINETT,

    Plaintiff,

    v.      ORDER

MICHAEL J. ASTRUE,      Civil No. 08-664-HA
Commissioner of Social Security

    Defendant.

HAGGERTY, District Judge:

    On March 30, 2010, defendant stipulated to a fee award of $7,499.99 payable to plaintiff's attorney pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

    On August 12, 2010, plaintiff's counsel moved for approval of additional payment to himself out of plaintiff's retroactive benefits award.

1 - ORDER

**ANALYSIS**

Upon a entering a judgment in favor of a Social Security claimant who was represented by an attorney, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  42 U.S.C. § 406(b)(1)(A).  Such fee awards are paid from a claimant's retroactive benefits award.  *Id.*  An attorney receiving such a fee award may not seek any other compensation from a claimant besides a § 406(b) fee.  *Id.*  Accordingly, when a court approves both an EAJA fee and a § 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

**A.     FEE AGREEMENT**

Under *Gisbrecht*, the court first examines the contingency fee agreement to determine whether it is within the statutory 25 percent cap.  Here, counsel and his client executed a contingent-fee agreement, by which they agreed that the attorney fee for work in federal court would be the greater of: (1) 25 percent of any past-due benefits received, or (2) any EAJA attorney fee award obtained.  The terms of this agreement are within the statute's limits.

The next step is to confirm that the fee the counsel asks for does not exceed § 406(b)'s ceiling of 25 percent.  Obviously, such a determination requires evidence of the retroactive benefits to be paid to the claimant.  Here, plaintiff's counsel presented an agency Award Letter and the fee contract counsel negotiated with plaintiff.  Counsel seeks 25 percent of plaintiff's past-due benefits totaling $50,940.00.

Fee agreements that do not result in an award *exceeding* 25 percent of the benefits awarded to the claimant may be upheld if it can be determined that the fee agreement yields "reasonable results" under the circumstances of this particular case.  *Gisbecht*, 535 U.S. at 807.

2 - ORDER

This court notes with approval the careful analysis provided recently by Magistrate Judge Acosta, who recognized that "a twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Commissioner*, Civil No. 07-1645-AC, 2009 WL 6067058, *7 (D. Or. December 23, 2009) (quoting *Gisbrecht*, 535 U.S. at 807 n.17).  The Magistrate Judge further recognized the court's duty to review contingent-fee arrangements as an independent check and to issue an affirmative judicial finding that the fee allowed is reasonable.  *Id*. (citation and internal quotation omitted).  Upon a determination that the fee agreement and the amount requested is in accordance with statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought."  *Id*. at 10; *see also* 42 U.S.C. § 406(b)(1)(A).

**B.     REASONABLENESS**

The burden rests with the plaintiff's counsel to establish the requested fee's reasonableness.  *Gisbrecht*, 535 U.S. at 807.  As the Supreme Court noted, in § 406(b) fee motions, the real party in interest is the attorney, not the claimant.  *Id.*, at 798 n.6.

A court evaluating a counsel's showing of reasonableness under § 406(b) is instructed to acknowledge the "primacy of attorney-client fee agreements."  *Gisbrecht*, 535 U.S. at 793.  However, contingent fee agreements that fail to "yield reasonable results in particular cases" can be rejected.  *Id.* at 807.  The court may reduce a contingent fee "based on the character of the representation and the results the representative achieved."  *Id*. at 808.  For example, a contingent fee award may be reduced if the attorney provided substandard representation, engaged in dilatory conduct that increased the accrued amount of past-due benefits, or if the benefits were disproportionate to the amount of time the attorney spent on the case.  *Id.*

The Ninth Circuit recently issued an *en banc* decision addressing the § 406(b) reasonableness analysis under *Gisbrecht*.  *See Crawford v. Astrue*, 586 F.3d 1142 (9th Cir.

3 - ORDER

2009). The *Crawford* majority emphasized that the Supreme Court has provided a "clear directive" that a district court should begin its analysis with the attorney-client fee agreement, and then apply any appropriate reductions to the calculated contingency fees to arrive at a reasonable fee:

> the Supreme Court's clear directive [is] that the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall.

*Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

The Ninth Circuit articulated four factors derived from the *Gisbrecht* analysis that district courts should consider in determining whether a reduction from the contingent-fee agreement is appropriate:

1. the character of the representation, specifically, whether the representation was substandard;

2. the results the representative achieved;

3. any delay attributable to the attorney seeking the fee; and

4. whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter that the attorney would receive an unwarranted windfall.

*Crawford*, 586 F.3d at 1151-53 (citations omitted). In other words, the court is empowered to exercise discretion to ensure that the claimant is protected from having to surrender retroactive disability benefits in a disproportionate payment to counsel. *Crawford*, 586 F.3d at 1151 (citing *Gisbecht*, 535 U.S. at 808).

After considering the four factors set forth in *Crawford*, and examining the docket, the briefing presented, and the hours claimed in counsel's application for EAJA fees, this court

concludes that counsel has made an adequate showing that a fee award of 25 percent of claimant's retroactive benefits is reasonable.

**CONCLUSION**

For the reasons stated, counsel's Motion for a Fee Award [38] is granted. Counsel is entitled to $12,735.00 in fees, an amount that constitutes 25 percent of plaintiff's retroactive benefits award. If counsel has received the EAJA fee award he was granted of $7,499.99, that amount must be subtracted from the 406(b) fee award.

IT IS SO ORDERED.

DATED this  27   day of August, 2010.

                                              /s/ Ancer L. Haggerty
                                                Ancer L. Haggerty
                                           United States District Judge